IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YEITZA MARIE APONTE BERMUDEZ,

Plaintiff,

v.

CIVIL NO. 15-1034 (CVR)

HECTOR H. BERRIOS, ET AL.,

Defendants.

**OPINION AND ORDER**

On January 16, 2015, Plaintiff filed the present case against several Defendants, including several insurance companies, referred to in the Complaint as "Insurance Companies A through H" as their proper names were not known to Plaintiff at that time. The Complaint alleged that these insurance companies covered Defendants' liability for the damages suffered.

On July 29, 2016, Plaintiff filed a motion seeking several remedies. (Docket No. 57). Among them was a request to file an Amended Complaint to identify and substitute the previously unnamed insurance companies with their proper names. On August 2, 2016, the Court granted said request. (Docket No. 60).

Before the Court now are three motions by co-Defendants Colón, Berríos and Medina/Cristalería Vega, seeking reconsideration of the Court's allowance of the substitution, requesting dismissal of the causes of actions against the insurance companies and the striking of the Amended Complaint. (Docket Nos. 62, 66 and 70). Defendants allege that Plaintiff's claims against the insurance companies are time barred, insofar as Plaintiff knew the real names of the insurance companies very early in the case

Case 3:15-cv-01034-CVR   Document 73   Filed 09/08/16   Page 2 of 6

Yeitza Marie Aponte Bermúdez v. Héctor H. Berríos, et al.
Opinion and Order
Civil No. 15-1034 (CVR)
Page 2
_____

and failed to substitute and serve them with process, not only within the 120 day time frame required by the rules, but also within the one year statute of limitations. Therefore, Defendants posit that relation back under Fed. R. Civ. P. 15 is not allowed.

In turn, Plaintiff contends that, pursuant to both the federal and Puerto Rico Rules of Civil Procedure, the effect of a failure to timely serve summons is dismissal without prejudice, and therefore, Defendants' argument is a non-starter.

**LEGAL ANALYSIS**

At the outset, it is important to note that, as Plaintiff correctly points, the arguments raised regarding the time bar issue were not raised by the insurance companies themselves, but rather by the parties. This brings forth the issue of whether the parties have standing to assert a defense that is proper for the insurance company, not the insured. This issue has not been properly briefed by the parties. As such, the Court will not venture in to this issue at this time, but will nevertheless examine the other arguments before it, and hereby DENIES Defendants' motions.

When a plaintiff seeks to add a claim against a new defendant in an amended complaint filed after the limitations period has run, the claim is considered "time-barred as a matter of law unless the amended complaint 'relates back' to the original complaint." Coons v. Industrial Knife Co., 620 F.3d 38, 42 (1st Cir. 2010). Whether an amendment relates back, in turn, is governed by Fed. R. Civ. P. 15 (c). Under Rule 15 (c)(1)(A), an amendment will relate back when "the law that provides the applicable statute of limitations allows relation back." Thus, in effect, Rule 15 (c)(1)(A) "cements in place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-

back rules, but more restrictive state relation-back rules will not." Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009).

The Court of Appeals for the First Circuit has held that the question of whether an amendment substituting a party relates back to the original complaint in a diversity case has a direct substantive effect and that, since the application of the federal rule of procedure defeated substantive state rights, state law should be applied. Marshall v. Mulrenin, 508 F.2d 39, 44 (1st Cir. 1974); Covell v. Safetech, Inc., 90 F.R.D. 427, 433 (D.C.Mass. 1981).

Like the Federal Rules of Civil Procedure, the Puerto Rico Rules of Civil Procedure provide a mechanism by which a plaintiff may interrupt the statute of limitations by relating the substitution of an unknown defendant back to the time of the filing of the original complaint. Rule 15.4 states that, if a defendant's name is unknown, a plaintiff may use a fictitious name to identify him/her temporarily. Plaintiff must also specifically state the claims he/she is bringing against that party and, upon discovering the real name, may then amend to substitute the fictitious name for the newly identified defendant. See P.R. R. Civ. P. 15.4. The effect of this procedural mechanism is clearly substantive, since the newly identified party will be considered a defendant from the moment the original complaint was filed. By virtue of this, the statute of limitations is deemed interrupted since the original filing pursuant to Article 1873 of the Puerto Rico Civil Code. Therefore, the date in which a defendant is first included in an original complaint will be the date to be considered for purposes of statute of limitations issues. Figueroa Díaz v. Escobales, 101 DPR 173 (1973); Bithorn v. Santana, 68 PRR 281 (1948); Santiago v. Becton Dickinson & Co., S. A., 539 F. Supp. 1149, 1152-53 (D.P.R. 1982).

Case 3:15-cv-01034-CVR   Document 73   Filed 09/08/16   Page 4 of 6

Yeitza Marie Aponte Bermúdez v. Héctor H. Berríos, et al.
Opinion and Order
Civil No. 15-1034 (CVR)
Page 4
_____

In this sense, the Puerto Rico Supreme Court ruled in the case of <u>Ortíz v. Municipal Government</u>, 94 D.P.R. 472 (1967) that it followed the criteria adopted by California courts, and stated: "(w)here a complaint attempts to set forth a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from the filing of the original complaint, and that is the date to be considered for determining any contention on extinctive prescription...." <u>Id</u>., at 478.

Additionally, a determination as to the effective date of defendant's substitution for a John Doe party must also bring into play Puerto Rico Civil Procedure Rule 13.3. Rule 13.3 states that an amendment will relate back to the original complaint if it arises out of the same transaction or occurrence, or act as the original action, and the Defendant has to have had knowledge of existence of the cause of action within the prescriptive period. P.R. R. Civ. P. 13.3.

In <u>Ortiz v. Municipal Government</u>, 94 D.P.R. at 472, the Court further elaborated on this issue, and after examining the allegations of the original complaint, concluded that "absent a deliberate concealment of an indispensable party or an intentional lack of diligence on plaintiff's part, the allegations showed the intention of substituting the insurance company for the John Doe defendant and thus the statute of limitations was interrupted on the date the original complaint was filed". <u>Santiago</u>, 539 F.Supp. at 1154 (*quoting* <u>Ortiz v. Municipal Government</u>, 94 D.P.R. at 479).

In sum, an amendment identifying a John Doe defendant will relate back if the claim asserted against him arises out of the same occurrence set forth in the original pleading, specifically states the claims brought against that party, he was notified within

Yeitza Marie Aponte Bermúdez v. Héctor H. Berríos, et al.
Opinion and Order
Civil No. 15-1034 (CVR)
Page 5
_____

the prescriptive period, and the parties show an intent to bring suit against the unknown party.

In the above captioned case, Plaintiff seeks to amend her complaint solely by substituting the correct insurance companies for the unknown defendants. No new claims are presented and no new operative facts are alleged. Moreover, the claim asserted against the insurance companies clearly arises out of the same occurrence. Therefore, the same substantive defenses are available to Defendants.

In addition, Plaintiff specifically mentioned in her original Complaint the causes of action she was bringing against the unknown defendant insurance companies, stating that "Insurance Companies A through H are presently unknown insurance companies covering the liability of the defendants names herein for the damages claimed in this complaint. " (Docket No. 1; p. 3, ¶ 11). Plaintiff further stated that "Defendants Unknown Insurance Companies A through H have a contractual obligation to compensate those who are damaged by the negligent acts or omissions of their respective insureds named as defendants in this complaint" and that "Plaintiff has a right to reclaim directly against the defendants' respective insurers". (Id. p. 8, ¶¶ 32 and 33). These allegations of the original Complaint specifically asserted the claims against the insurance companies, and show enough intent to meet the requirements for relation back.

Furthermore, in the Initial Scheduling Memorandum of April 30, 2015 (Docket No. 43), Colón, Berríos, Medina/Cristalería Vega asseverated that they complied with their Rule 26 disclosures and had produced to Plaintiff their respective insurance policies. Cooperativa de Seguros Múltiples covered Colón and Universal Insurance covered the remaining Defendants. It is evident from these disclosures that both of these insurance

Case 3:15-cv-01034-CVR   Document 73   Filed 09/08/16   Page 6 of 6

Yeitza Marie Aponte Bermúdez v. Héctor H. Berríos, et al.
Opinion and Order
Civil No. 15-1034 (CVR)
Page 6
_____

companies were on notice, since close to the beginning of the suit, of the claims brought against them.

Finally, on April 27, 2015, counsel Francisco Colón-Pagán appeared on behalf of Colón, his wife and his conjugal partnership, presumably on behalf of Colón's insurance company, to wit, Coooperativa de Seguros Múltiples. (Docket No. 40).

In any event, even if the claims against the insurance companies would be dismissed as now requested by Defendants, the dismissal would be without prejudice. Thus, Plaintiff would be ultimately entitled to present her claims directly against the insurance companies, which would produce the same result as allowing the substitution now.

Therefore, in the interest of justice and judicial economy, the motions for reconsideration and to strike the Amended Complaint are hereby DENIED. (Docket Nos. 62, 66 and 70). Accordingly, the summons requested at Docket No. 69 shall be promptly issued and served.

## CONCLUSION

In light of the above, Defendants' two motions for reconsideration of the Court's Order permitting substitution of parties and the motion to strike the Amended Complaint are DENIED. (Docket Nos. 62, 66 and 70).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 8th day of September, 2016.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE