IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YEITZA MARIE APONTE BERMUDEZ,

Plaintiff,

v.

HECTOR H. BERRIOS, et. al.,

Defendants.

CIVIL NO. 15-1034 (CVR)

**OPINION AND ORDER**

Before the Court is Defendant Cooperativa de Seguros Múltiples and the Colón Defendants' "Motion to Dismiss for Lack of Subject Matter Jurisdiction." (Docket No. 163). The present case stems from an automobile accident where co-Defendant Gabriel A. Medina-Ortíz allegedly caused the vehicle he was driving to impact a parked motor vehicle in front of "El Bullpen de Norberto Sports Bar", owned by co-Defendant Eligio Colón ("Colón"). The force of the impact caused the parked vehicle to crash into the bar and injure several clients inside the bar, including Plaintiff Yeitza Marie Aponte-Bermúdez ("Plaintiff"). Plaintiff brought forth the present case for the injuries she sustained as a result of the accident.

On July 29, 2016, Plaintiff filed a "Notice of Death of Party Defendant, Motion for Substitution of Party and for Leave to Amend Complaint." (Docket No. 57). In said motion, she informed the Court that co-Defendant Colón had passed away and requested: 1) substitution of the decedent for his heirs; 2) at least sixty (60) days to ascertain the identity of said heirs and to amend the complaint accordingly to include them formally in the case and; 3) leave to substitute in the proposed amended complaint the unknown

insurance companies with their proper names. The Court granted the request and on August 24, 2016, Plaintiff filed an Amended Complaint with the names of the heirs of Colón' (hereinafter the "the Colón heirs") and added the proper names of the insurance companies involved. (Docket No. 69).

The Colón heirs and their insured, Cooperativa de Seguros Múltiples (collectively "Colón Defendants") now bring forth the present motion, alleging that two of the Colón heirs are residents of the state of Florida, as is Plaintiff. They aver the case must be dismissed because diversity jurisdiction is lacking.

The Court ordered the parties to file briefs in support of their respective positions, and later, specifically ordered Plaintiff to discuss the applicability of <u>Cruz Gascot v. HIMA San Pablo</u>, 728 F.Supp.2d 14, 29 (D.P.R. 2010) and its progeny to the present case. Universal Insurance and its insureds did not file an opposition, but requested joinder with the Colón Defendants' motion.

The Court DENIES the Motion to Dismiss with the benefit of the parties' additional submissions, for the reasons explained below.

## LEGAL ANALYSIS

As the basis of the Colón Defendants' petition to dismiss, the Colón Defendants allege that the Amended Complaint raises new causes of action against all the heirs. "Specifically, Plaintiff seeks in the Amended Complaint to recover damages not only from the assets that the Estate of Eligio Colón but also from the private and own assets of each of of the heirs, including Eligio Rafael Colón Fernández and Ricardo Colón Fernández".

(Docket No. 163, p. 2). Since the Amended Complaint includes this new cause of action and remedies, the Colón Defendants proffer Plaintiff failed to use the substitution method provided by Fed. R. Civ. P. Rule 25(a) and argues that the Fed. R. Civ. P. 19 rule for joinder applies instead. Under this analysis, the Colón Defendants move the Court to dismiss because the non-diverse Colón heirs are necessary and indispensable parties under Puerto Rico law and complete relief cannot be afforded without them.

In the alternative, Defendants posit that, since Plaintiff does not comply with the requirements of Fed. R. Civ. P. 25(a)(3), she therefore "cannot claim the benefits of Rule 25 pertaining to maintaining diversity jurisdiction." (Docket No. 163). The Court finds both arguments lacking in merit.

As is well known, federal courts are courts of limited jurisdiction. In the absence of jurisdiction, a court is powerless to act. Consistent with these principles, it is firmly settled that challenges to federal subject matter jurisdiction may be raised at any time, even for first time on appeal. Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 138-39 (1st Cir. 2004) (*quoting* Kontrick v. Ryan, 540 U.S. 443, 456, 124 S.Ct. 906, 915 (2004); see also Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Federal courts are expected to monitor their jurisdictional boundaries vigilantly and to guard carefully against expansion by distended judicial interpretation. Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18, 71 S.Ct. 534 (1951).

The crux of this matter turns on whether the Colón heirs were added to the case

pursuant to Fed. R. Civ. P. 25 or Fed. R. Civ. P. 19.  The Court finds they were properly substituted pursuant to Fed. R. Civ. P. 25.

The Court disagrees with Defendants' assertion that the Amended Complaint now seeks new remedies against Defendants' estate and personal assets and that this can be considered a new cause of action.

Paragraph 36 of the Amended Complaint states: "[u]nder Puerto Rico law, the Colón heirs that accept their inheritance pure and simple, or without the benefit of inventory are responsible for all the obligations ("cargas") of the inheritance of decedent Eligio Colón, including plaintiff's claims herein, not only with the assets of the inheritance, but also with their own. Article 957, Civil Code of Puerto Rico, 31 L.P.R.A. §2785".

A reading of the relevant statute evidences that there is not a "new cause of action" as Defendants posit, but rather a direct quote from Puerto Rico Civil Code Article 957, which mandates that, when the estate's assets are insufficient to cover its debts, the heirs respond for those outstanding estate obligations with their own monies.  See P.R. Law Ann. tit. 31, §2785.  Thus, by automatic operation of law, the Colón heirs would be responsible for any debt that Mr. Colón's estate would not be sufficient to cover, including any judgment rendered in this case.  These are not additional, new claims, but rather, mandatory dispositions of the inheritance law under Puerto Rico's Civil Code.[1]

---

[1] The Court notes that the confusion about why an Amended Complaint was filed in the first place might have arisen because Plaintiff not only asked for leave to substitute the Colón heirs *in lieu* of the deceased, but also substitute the real names of the different insurance companies.

The fact that an Amended Complaint was filed does not automatically mean that no substitution pursuant to Fed. R. Civ. P. 25 occurred. On the contrary, as to the Colón heirs, besides describing who they are and the aforementioned recitation of their obligations pursuant to Puerto Rico law, the Amended Complaint contains no other factual allegations or new causes of action applicable to them.

Thus, having found that the substitution here was effected pursuant to Fed. R. Civ. P. 25, the case of Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 111 S. Ct. 858 (1991) controls, which holds that that "subsequent events" do not divest the district court of diversity jurisdiction. See also Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 140 (1st Cir. 2004) ("we join several other courts of appeals that have read Freeport narrowly and restricted its precedential force to the precincts patrolled by Rule 25"); see also e.g,. Cobb v. Delta Exports, Inc., 186 F.3d 675, 680 (5th Cir. 1999) (limiting Freeport to the context of adding parties under Rule 25); and Shaun P. Martin, Article, SUBSTITUTION, 73 Tenn. L. Rev. 545, 555 (2007) ("The replacement of Original Party X by Successor Party Y upon the post-filing death, incompetence, irrelevance, or official dethronement of Party X does not, as a general matter, substantially alter the core assumptions upon which the assertion of federal subject matter jurisdiction was initially based").

In view of the above, the Court finds it unnecessary to analyze the facts pursuant to Fed. R. Civ. P. because it finds that it has jurisdiction over this case and the substitution of the Colón heirs was properly done under Fed. R. Civ. P. 25.

As a second reason for dismissal, the Colón Defendants posit that Fed. R. Civ. P. 25 mandates that, after a party's death, a motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties (heirs) as provided in Rule 4. This, in order to provide the heirs "an opportunity to be herd (sic) and present objections to the substitution." (Docket No. 163, p. 13).

The Court has found no case to stand for the proposition that the object of the notice and hearing is for the new parties to be able to present objections, particularly, as here, where the Colón Defendants are included in the case by automatic operation of law.

Fed. R. Civ. P. 25(a)(1) is procedural. It merely provides for "the manner and the means by which a right to recover, as recognized by the State, is enforced by a court having venue, as well as power to decide the issues in the action, which is jurisdiction of the subject matter". Mississippi Pub. Corp. v. Murphree, 326 U.S. 438, 66 S. Ct. 242 (1946). Because this case is before a Court sitting in diversity jurisdiction, substantive state law applies. As previously stated, by virtue of becoming heirs to the Colón estate and accepting the estate pure and simple and without the benefit of inventory, the members of the estate automatically stepped into the shoes of the decedent. For this reason, and once it is determined that the cause of action survives, there is no "chance to object", as the Colón Defendants suggest, and the Court has no say on whether to deny or grant the substitution. Therefore, as applied to the case at bar, the hearing is a non-issue and serves no useful purpose.

Furthermore, Plaintiff here served the Amended Complaint upon the Colón heirs

pursuant to the rules who, in fact, specifically waived service of process and voluntarily submitted to the Court's jurisdiction when they filed their answer. See Docket Nos. 80, 83, 83 and 110. If any further notice was needed, service of the Amended Complaint pursuant to the law effectively met that requirement. In light of this, the Court cannot find that the notice requirements were not met here.

Moreover, the Colón Defendants could have opposed the request for substitution at Docket No. 57, and never did. The Colón Defendants never requested a hearing either. As such, these matters are deemed waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Finally, the cases cited by the Colón Defendants are inapposite. The Jasspon case dealt with service of process after the court had determined that the claims therein had survived the death of the claimant. There is no problem in the service of process in this case. Butler dealt with lack of service of the documents, and noncompliance with service of process of those documents pursuant to the Federal Rules, and where there was opposition to the substitution by the Defendants. There has been no such opposition filed in this case. Finally, the Webster case does not help the Colón Defendants, insofar as it pertained to Fed. R. Civ. P. 25 (c) a transfer of interest, and specifically held that no hearing was required in order to substitute the Trustee as plaintiff.

For all the aforementioned reasons, the Court finds it has jurisdiction to hear this case and the substitution of the Colón heirs was properly done under Fed. R. Civ. P. 25.

Defendants' Motion to Dismiss (Docket No. 163) is DENIED. The Jury Trial will be set via separate order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 1st day of February, 2018.

                                              S/CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ RIVE
                                              UNITED STATES MAGISTRATE JUDGE