IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YEITZA MARIE APONTE BERMUDEZ, et als.,

Plaintiffs,

v.

HECTOR H. BERRIOS, et als.,

Defendants.

CIVIL NO. 15-1034 (CVR)

**OPINION AND ORDER**

The present case is the result of an accident where Plaintiff Yelitza Marie Aponte Bermúdez was injured when a car crashed into the outside terrace of a bar where she was sitting. Plaintiff settled the case with some of the Defendants, and then proceeded to trial only against co-Defendants Carmen Gloria Fernández Torres, Eligio Rafael Colón Fernández, Luis Alberto Colón Fernández, Ricardo Colón Fernández, Marigloria Colón Fernández, Manuel Pablo Colón Fernández, Maricarmen Colón Fernández and Marirosa Colón Fernández, and their insurer Cooperativa de Seguros Múltiples ("Defendants").

Defendants offered a Rule 50 motion for judgment as a matter of law at the close of Plaintiffs' case in chief. The Court granted the motion. Accordingly, the Court dismissed the case with prejudice. Plaintiffs then appealed the Court's ruling to the United States Court of Appeals for the First Circuit, which affirmed the Court's Rule 50 dismissal.

Before the Court now is Defendants' "Motion for Attorney's Fees" (Docket No. 219) and Plaintiffs' Opposition thereto. (Docket No. 224).

The general rule is that a prevailing party in a case must bear its own attorneys' fees and may not collect them from the losing party, unless there is an enforceable

contract or a statutory provision providing for attorneys' fees.   See Buckhannon v. West Va. Dept. of Health, 532 U.S. 598, 602 (2001).   Puerto Rico state law governs this issue in a Court sitting under diversity jurisdiction, where it has been well established that in the absence of a statutory or contractual provision, the prevailing party "may be entitled to attorneys' fees … when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" See Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 841 (1st Cir. 1990) and Rodríguez-Torres v. Government Development Bank of Puerto Rico, 708 F.Supp.2d 195, 198 (D.P.R. 2010) (*quoting* Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S.Ct. 2123 (1991)).   Specifically, Rules 44.1(d) and 44.3 of the Puerto Rico Rules of Civil Procedure provide the basis for an attorney's fee award in this case, and permits fees only where a "party or its lawyer has acted obstinately or frivolously."   P.R. Laws Ann. tit. 32, App. III, Rule 44.1(d) and Rule 44.3.

In order for the Court to find that the losing party has been "obstinate," it must find that the party has been "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay."   De León-López v. Corporación Insular de Seguros, 931 F.2d 116, 126-127 (1st Cir. 1991).   This seeks to penalize a party whose "stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." Top Entertainment, Inc. v. Torrejón, 351 F.3d 531, 533 (1st Cir. 2003) (*quoting* Fernández v. San Juan Cement Co., 118 D.P.R. 713, 718 (1987)).

Defendants submit that Plaintiff was frivolous in pursuing her claims against them, because the dismissal of the case at the Rule 50 stage evidenced there was a total lack of evidence that could sustain Plaintiff's claims against them. The Court disagrees

and cannot find that Plaintiffs behaved in a manner that would warrant an award of attorney's fees in the present case.

On the record as it stands, the Court cannot find that Defendants were stubbornly litigious, or displayed behavior beyond the acceptable demands of the litigation, the standard that the First Circuit has determined necessary for order for an award of attorneys' fees to proceed. *Cf.* Rishell v. Medical Card System, Inc., 982 F.Supp.2d 142 (D.P.R. 2013) ("The Court finds that plaintiffs' pursuit of repetitive, piecemeal litigation qualifies as obstinate litigation").

Furthermore, Courts may consider several factors, such as whether a litigant's conduct needlessly prolonged the litigation, wasted the other party's and the court's time, acted in bad faith and if the other party and the court incurred in needless procedures, unreasonable efforts and expenses. Renaissance Marketing, Inc. v. Monitronics Intern., Inc., 673 F.Supp.2d 79, 84 (D.P.R. 2009). These factors were likewise not present in this case.

This was a relatively straightforward case where an unfortunate accident resulted in injury to Plaintiff Aponte-Bermúdez. There was no needless prolongation of the litigation or a misuse of time. On the contrary, the Court finds that both parties worked diligently in prosecuting their respective cases and both had experts and witnesses prepared for trial. The fact that, at the Rule 50 stage, the Court dismissed Plaintiffs' case is not automatically indicative of bad faith by them. Moreover, Defendants can point to nothing specific in the record that would warrant the Court to find that Plaintiffs acted in bad faith or otherwise meet the criteria established by Puerto Rico law for an award of attorney's fees.

For these reasons, Plaintiffs' "Motion for Attorneys' Fees" (Docket No. 219) is

DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of April of 2020.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UITED STATES MAGISTRATE JUDGE